## State of Vermont v. Thomas Jarvis

[509 A.2d 1005]

No. 84-471

Present: **Allen, C.J., Hill, Peck, Gibson and Hayes, JJ.**

Opinion Filed March 14, 1986

*Jeffrey L. Amestoy*, Attorney General, and *James R. Crucitti*, Assistant Attorney General, Montpelier, for Plaintiff-Appellee.

*David W. Curtis*, Defender General, and *David Carpenter*, Appellate Defender, Montpelier, for Defendant-Appellant.

**Hayes, J.** Defendant pled guilty to kidnapping in violation of 13 V.S.A. § 2401 and was sentenced to ten to twenty-five years, suspended on service of four years and probation. As a condition of probation, the trial court ordered defendant to pay the victim of the crime $5,000.00 as restitution. Defendant appeals his sentence and asks this Court to vacate the restitution order. We vacate the sentence, and remand for a new sentencing hearing.

Defendant argues that the trial court erred in requiring, as a condition of probation, that defendant pay $5,000.00 restitution to the victim for her pain and suffering because pain and suffering are not proper matters for restitution under 13 V.S.A. § 7043 and 28 V.S.A. § 252(b)(6). We agree.

The primary objective in interpreting statutes is to give effect to the intent of the legislature. *State* v. *Lund*, 144 Vt. 171, 175, 475 A.2d 1055, 1058 (1984). To determine that intent, a court "must examine and consider fairly, not just isolated sentences or phrases, but the whole and every part of the statute, . . . together

with other statutes standing in pari materia with it, as parts of a unified statutory system." *Id.* at 180-81, 475 A.2d at 1061-62 (Peck, J., dissenting) (citations omitted). When two statutory provisions deal with the same subject matter, and one is general, and the other more specific, the more specific provision "must be given effect according to its terms." *State v. Teachout*, 142 Vt. 69, 73, 451 A.2d 819, 820-21 (1982) (citations omitted).

With these principles of construction in mind, we turn to the statutes in question. Both 13 V.S.A. § 7043 and 28 V.S.A. § 252 are sections of the same legislation, entitled "An Act Relating to Crime Victim's Bill of Rights," 1983, No. 229 (Adj. Sess.). Under 28 V.S.A. § 252(b)(6), the court may require, as a condition of probation, that the offender "[m]ake restitution or reparation to the victim of his conduct for the damage or injury which was sustained." 13 V.S.A § 7043, governing restitution in sentencing, requires restitution to be considered "in every case in which a victim of a crime has suffered a *material loss* or has incurred *medical expenses.*" (Emphasis added). Section 7043(b)(2) allows restitution in the form of "cash or installment payments to the victim to compensate for damages to the victim's *property or person* . . . ." (Emphasis added).

■ We hold that the foregoing provisions do not allow restitutory awards for a victim's pain and suffering or emotional trauma. 28 V.S.A. § 252(b)(6) and 13 V.S.A. § 7043(b) are parts of a statutory scheme dealing with restitution, and they should be construed together. 28 V.S.A. § 252(b)(6), which generally allows restitution as a condition of probation, is limited by 13 V.S.A. § 7043, which specifically explains when restitution must be considered and what restitution may include. Restitution must be considered whenever a crime victim has suffered a material loss or has incurred medical expenses, and it may include the return of property or compensation "for damages to the victim's property or person."

■ Our construction of the words "material loss," "medical expenses," and "damages to the victim's property or person" in the restitution statutes leads us to conclude that only liquidated amounts which are easily ascertained and measured are recoverable under the legislative scheme. These amounts include, but are not necessarily limited to, hospital bills, property value, and lost employment income. Thus, a restitutory award for emotional pain and suffering exceeds the statutory limits of 13 V.S.A. § 7043(b)

and 28 V.S.A. § 252(b)(6). Damages that are not readily ascertainable, such as pain and suffering, emotional trauma, loss of earning capacity, and wrongful death awards are not proper subjects of restitution. See *State* v. *Fleming*, 125 N.H. 238, 245, 480 A.2d 107, 111 (1984); *State* v. *Stalheim*, 275 Or. 683, 686-88, 552 P.2d 829, 831-32 (1976); Note, *Victim Restitution in the Criminal Process: A Procedural Analysis*, 97 Harv. L. Rev. 931, 940 (1984). Our determination that only easily ascertainable, liquidated amounts are recoverable under 13 V.S.A. § 7043 and 28 V.S.A. § 252 avoids the possible constitutional problem of lack of trial by jury in assessing unliquidated damages. See *United States* v. *Welden*, 568 F. Supp. 516, 534-35 (N.D. Ala. 1983) (federal restitution statutes, 18 U.S.C. §§ 3579 & 3580, violate Fifth and Seventh Amendments), *modified, United States* v. *Satterfield*, 743 F.2d 827 (11th Cir. 1984) (possibility that due process violations would occur in future does not render statute unconstitutional on its face), *cert. denied*, ⎯ U.S. ⎯, 105 S. Ct. 2362 (1985).

It would be inappropriate to allow the trial judge in sentencing proceedings to calculate the amount that should be awarded for uncertain, unliquidated losses and for pain and suffering. The evaluation of such losses is best left to the civil trial judge and to the collective wisdom of civil juries. In the civil context, the judge and jury will receive the benefit of pleadings which frame the issues, and testimony from witnesses to develop the relevant evidence.

Adjudication of unliquidated losses at sentencing proceedings would be inappropriate for several additional reasons. First, a defendant could be prejudiced by civil damage issues introduced into his or her criminal trial. Second, at sentencing, defenses such as contributory negligence or assumption of risk would not be available to the defendant. Third, a defendant may not wish to argue against a restitution award when faced with the alternative of going to prison, no matter how speculative or arbitrary or unfair the award may be. See *Stalheim, supra*, 275 Or. at 687, 552 P.2d at 831 (general discussion of dangers inherent in awarding unliquidated damages in sentencing proceedings).

The legislature did not intend to make criminal sentencing procedures unduly complex. Yet, if we were to interpret our restitution statutes broadly so as to permit awards of unliquidated damages, including amounts for pain and suffering or emotional

distress, those procedures would have to become both protracted and more complex to avoid arbitrary and unfair awards.

■ A victim retains the right to bring an independent civil action, whether or not restitution is ordered at sentencing. 13 V.S.A. § 7043(g). A restitution order in a criminal case is not the same as, and is no substitute for, an award of civil damages. "Criminal and civil liability are not synonymous. A criminal conviction does not necessarily establish the existence of civil liability. Civil liability need not be established as a prerequisite to the requirement of restitution as a probation condition; such restitution for personal injury, therefore, generally should be more limited in scope than civil damages." *People* v. *Heil*, 79 Mich. App. 739, 748, 262 N.W.2d 895, 900 (1977).

Finally, both the State and defendant maintain that the trial court erred in ordering restitution as a condition of probation where there was insufficient evidence to ascertain the value of the victim's "pain and suffering." In addition, the State and defendant contend that the trial court erred in fixing an amount of restitution without determining the present and future ability of the defendant to pay and without specifying the manner of performance. In light of our disposition of defendant's first claim, we need not address these other issues.

*Sentence vacated, and cause remanded for a new sentencing hearing.*