Hazel and Lee STEVENSON

v.

CAPITAL FIRE MUTUAL AID SYSTEM, INC., Worcester Volunteer Fire Department and East Montpelier Volunteer Fire Department, Inc.

[661 A.2d 86]

No. 94-368

March 24, 1995. Plaintiffs appeal from the trial court's order granting dismissal for three defendants: Capital Fire Mutual Aid System, Worcester Volunteer Fire Department, and East Montpelier Volunteer Fire Department. The court found that 20 V.S.A. § 2990 afforded immunity to defendants for negligence in failing to respond reasonably for the purpose of extinguishing a fire at the Stevenson house in Calais, and that the immunity was not waived by the defendants' purchase of liability insurance. 29 V.S.A. § 1403. On appeal, plaintiffs assert two claims: (1) the trial court improperly granted immunity by misconstruing 20 V.S.A. § 2990 and 29 V.S.A. § 1403; and (2) the trial court failed to address plaintiffs' claims that extended beyond the limited immunity provided in 20 V.S.A. § 2990. We affirm.

A trial court will dismiss a complaint that fails to state a claim upon which relief can be granted. V.R.C.P. 12(b)(6). In reviewing a trial court's dismissal, we must assume all factual allegations are true. *Association of Haystack Property Owners v. Sprague*, 145 Vt. 443, 444, 494 A.2d 122, 123 (1985).

The limitation of liability for fire mutual aid systems provides:

There shall be no liability imposed by law on the system or on any municipality, on the personnel of its fire department, nor on any private fire depart-

ment or its personnel, belonging to such a system, for failure to respond or to respond reasonably for the purpose of extinguishing a fire or assisting in the case of other accidental or natural emergency. This immunity is not intended to be exclusive of other immunities existing by statute or at common law.

20 V.S.A. § 2990. It is undisputed that this statute applies to all three defendants. Plaintiffs contend, however, that the immunity granted by § 2990 is waived pursuant to 29 V.S.A. § 1403 to the extent of liability insurance coverage purchased. The waiver statute provides in pertinent part:

> Notwithstanding the provisions of section 5602 of Title 12 or any other statute, when a municipal corporation purchases a policy of liability insurance under section 1092 of Title 24, and when a county purchases a policy of liability insurance under the provisions of section 131 of Title 24, it waives its sovereign immunity from liability to the extent of the coverage of the policy and consents to be sued.

29 V.S.A. § 1403. In this case, all three defendants concede that they purchased liability insurance. The waiver provision, however, applies only to municipal corporations and counties. The East Montpelier and Worcester volunteer fire departments are neither. Therefore, the waiver provision does not apply to them, and they are protected under the immunity provision of § 2990. In contrast to the volunteer fire departments, Capital Fire Mutual Aid System is a municipal corporation. 20 V.S.A. § 2981. We hold that while the § 1403 waiver provision does apply to municipal corporations, it does not control in this case.

Plaintiffs construe the initial phrase of § 1403, "Notwithstanding . . . any other statute," to mean that, regardless of § 2990 immunity, Capital Fire waived it to the extent the fire protection district purchased liability insurance coverage. Capital Fire argues that under the doctrine of ejusdem generis the "notwithstanding" clause refers to the state's sovereign immunity because "any other statute" follows specific reference to exemptions from the state tort claims act set forth in 12 V.S.A. § 5602. *Kalakowski v. John A. Russell Corp.*, 137 Vt. 219, 224, 401 A.2d 906, 909 (1979) (where general words follow class of particulars, general words should be treated as applying to specific class). In support of this interpretation, Capital Fire explains that the phrase was added in 1982 to overrule a case concerning state liability, *Lomberg v. Crowley*, 138 Vt. 420, 423-24, 415 A.2d 1324, 1326-27 (1980) (despite acquisition of insurance, state not liable for alleged libel and slander). When the Legislature amended § 1403 in 1989, it removed the state from the main provision but retained the "notwithstanding" clause, including reference to § 5602. 1989, No. 114, § 7. The Legislature also amended 12 V.S.A. § 5602 in 1989 so that, rather than listing exemptions to the state tort claims act, it now provides an exclusive right of action against the state for acts or omissions of state employees. 1989, No. 114, § 2. The result of these amendments is that the introductory phrase no longer relates definitively to the rest of the statute. The Legislature's failure to delete § 5602 from the "notwithstanding" clause renders the meaning of "or any other statute" at least ambiguous.

When the plain meaning of a statute is not apparent, the Court must construe it according to its purpose and the intent of the Legislature. *Burlington Elec. Dep't v. Vermont Dep't of Taxes*, 154 Vt. 332, 335, 576 A.2d 450, 452 (1990). The statutes at issue here both concern the subject of municipal liability; however, the interplay

between them is unclear. To give effect to the legislative purpose of both statutes, we look to principles of statutory construction. In construing conflicting statutes that deal with the same subject matter, the more specific provision controls over the more general one. *State v. Jarvis*, 146 Vt. 636, 638, 509 A.2d 1005, 1006 (1986). In broad terms, 29 V.S.A. § 1403 provides for waiver of sovereign immunity upon purchase of insurance, whereas 20 V.S.A. § 2990 speaks to the specific situation of immunity for fire departments and personnel rendering emergency assistance. From the specificity of § 2990, we conclude that the more reasonable interpretation is that the Legislature intended to grant firefighting departments immunity from liability when responding to emergency situations regardless of insurance. While we find that § 1403 does not operate to waive § 2990 immunity, the § 1403 waiver would apply to mutual aid fire protection districts when engaged in activities not within the scope of § 2990.

Finally, plaintiffs contend that in granting defendants' motion to dismiss, the trial court failed to consider their claims concerning negligent training of personnel and equipping of fire trucks, negligence for barring plaintiffs from entering the burning house to recover personal property, and negligence in responding too slowly. Plaintiffs maintain that § 2990 provides limited immunity, which does not include these claims. To determine the nature of the claim we look to the substance of the complaint rather than its precise terminology. *Kinney v. Goodyear Tire & Rubber Co.*, 134 Vt. 571, 576, 367 A.2d 677, 680 (1976). Since the claims are all variations on the theme of inadequate emergency response, we find the § 2990 immunity for failure to respond or to reasonably respond to a fire emergency encompasses the additional complaints cited by plaintiffs.

*Affirmed.*