## State of Vermont v. Steve A. Fontaine

[711 A.2d 667]

No. 97-043

Present: **Amestoy, C.J., Dooley, Morse, Johnson and Skoglund, JJ.**

Opinion Filed April 17, 1998

*John T. Quinn*, Addison County State's Attorney, Middlebury, for Plaintiff-Appellee.

*Robert Appel*, Defender General, *Anna Saxman*, Appellate Attorney, and *Deborah Mans*, Law Clerk (On the Brief), Montpelier, for Defendant-Appellant.

**Morse, J.** Defendant Steve Fontaine was convicted of driving under the influence, death resulting, in violation of 23 V.S.A. §§ 1201(a)(2) and 1210(e). He appeals a probation condition requiring him to pay restitution for partial support to the victim's two minor children. He claims (1) the condition exceeds the statutory limits on restitution, (2) the evidence did not support the award, and (3) there was no proper inquiry into his ability to pay. While we agree that restitution in the form of child support awarded here was reasonable and served the ends of justice, restitution in a criminal case is a creature of the legislature, and its statutes on the subject are too narrow to permit the condition imposed. We reverse.

At sentencing, the trial court imposed two to ten years, all suspended but two years, and a $2,000 fine. In addition, a special condition of probation was imposed requiring defendant to pay restitution in the form of $12.50 per week to each of the decedent's two minor children for sixteen years, for a sum total of $20,800. The trial court arrived at this fixed sum by multiplying "$25 a week, times fifty-two weeks a year, . . . times sixteen years remaining in [the younger child's] time through graduation from high school." As the court explained, the amount "would be far less than would be the actual cost of paying for raising a child, but would be a substantial amount over time, and we can know exactly what it's going to because it's clearly a matter of multiplication." The court concluded, "[it's] not a perfect sum, but it's a liquidated sum." This appeal followed.

We address defendant's first claim and hold that the trial court did not have the statutory authority to require defendant, as a condition of probation, to contribute to the support of the deceased victim's dependents. The statutes involved here are 28 V.S.A. § 252(b)(6) and

13 V.S.A. § 7043. We have held that "28 V.S.A. § 252(b)(6), which generally allows restitution as a condition of probation, is limited by 13 V.S.A. § 7043, which specifically explains when restitution must be considered and what restitution may include." *State v. Jarvis*, 146 Vt. 636, 638, 509 A.2d 1005, 1006 (1986). Under 28 V.S.A. § 252(b)(6), the sentencing court may require that the offender "[m]ake restitution or reparation to the victim of his conduct . . . for the damage or injury which was sustained." And under 13 V.S.A. § 7043(a), "[r]estitution shall be considered in every case in which a victim of a crime has suffered a material loss or has incurred medical expenses." The award can include a payment "to compensate for damages to the victim's property or person." *Id.* § 7043(b)(2).

A trial court has broad discretion in determining conditions of probation and may require a probationer to satisfy any conditions reasonably related to a defendant's rehabilitation. See *State v. Lockwood*, 160 Vt. 547, 560, 632 A.2d 655, 663 (1993). However, this discretion is not unbridled. We observed in *Jarvis*, 146 Vt. at 640, 509 A.2d at 1007, that restitution in a criminal action is not a substitute for a civil lawsuit, and is generally construed more narrowly. Accordingly, we construed the words "material loss," "medical expenses," and "damages to the victim's property or person" under our legislative scheme to include "only liquidated amounts which are easily ascertained and measured." *Id.* at 638, 509 A.2d at 1006.

On appeal, the parties disagree as to the nature of the award. Relying on our holding in *Jarvis*, 146 Vt. at 638-39, 509 A.2d at 1006, defendant characterizes the award here as an unliquidated amount. In *Jarvis* we distinguished between "lost employment income" and "loss of earning capacity" and concluded that the former is generally easy to ascertain whereas the latter is not. *Id.* at 638-39, 509 A.2d at 1006. Defendant alleges that partial child support constitutes an award for *future* loss of income and, as such, is an amount not readily ascertainable. He further argues that the sentencing judge, in fashioning an amount for the future support of the victim's children, was forced to base his award on the future earning capacity of the victim, again, an unliquidated amount not encompassed under our statutes. In support of this contention he cites generally to the guidelines and criteria in Title 15 requiring estimates of an obligor's earning capacity when calculating the total support obligation.

The State, on the other hand, contends that child support obligations are more in the nature of "lost income" to the children rather than "loss of future earning capacity" of the victim, and thus are

readily ascertainable. In addition, the State points out that the statutory guidelines governing child support awards are sufficient to ensure that an award for child support is easily ascertained and measured. After all, the State contends, the minimal amount awarded here, $12.50 per week per child, obviated an inquiry into the victim's future earning capacity.

We hold that given the limited language of our statutes and the narrow construction we have previously applied to restitution awards, an award for partial child support is not authorized under our statutory scheme. In *State v. May*, 166 Vt. 41, 43, 689 A.2d 1075, 1077 (1996), we addressed whether "lost profits of the victim" constituted a proper restitutory award and characterized it as "a category of damages that does not fit neatly within either of the terms used in *Jarvis*." Similarly, an award for partial child support reflects an unusual hybrid of damages for lost profits and loss of earning capacity. The award in *May* was stricken on the ground that it was not proved with reasonable certainty. See *id.* at 41, 689 A.2d at 1076.

Although the sentencing judge here attempted to circumvent problems of proof by calculating a very modest amount of support, the award still raises issues that are not sufficiently addressed under our statutory scheme. For example, uncertainties may develop in a subsequent civil action for wrongful death. We note that child support orders are frequently modified to reflect changes in the financial circumstances of the obligor as well as fluctuations with respect to the needs of the minor children. See generally 15 V.S.A. §§ 658-661. Our restitution scheme, however, does not account or allow for future ambiguities.

We recognize the salutary motives of the trial court in this instance, and we appreciate its efforts to calculate a liquidated amount consistent with our previous decisions. Nevertheless, until our legislation is amended to repose greater authority in sentencing judges in criminal proceedings, we set aside the restitutory award ordered here.

We believe the interests of victims and their survivors are best served by laws permitting recovery through restitution in criminal proceedings, and we encourage the Vermont Legislature to consider the restitution statutes in effect in other jurisdictions where awards for child support have been upheld. See, e.g., *People v. Wager*, 342 N.W.2d 619, 623 (Mich. Ct. App. 1983); *Butler v. State*, 544 So. 2d 816, 823 (Miss. 1989). *Wager* involved a restitution award for partial child support where the underlying facts were essentially identical with

those presently before us. The Michigan court there affirmed the award noting the statutory language setting restitutory limits "'as the circumstances of the case may require or warrant, or as in [the trial court's] judgment may be proper.'" 342 N.W.2d at 622-23 (quoting Mich. Comp. Laws § 771.3(3); Mich. Stat. Ann. § 28.1133(3)). Similarly, in *Butler*, the court held that child support to the victim's minor child was within the statutory definition of "pecuniary damages." 544 So. 2d at 822-23. Pecuniary damages under the relevant Mississippi statute constitute "'all special damages, but not general damages, which a person could recover against the defendant in a civil action arising out of the facts or events constituting the defendant's criminal activities.'" *Id.* at 822 (quoting Miss. Code Ann. § 99-37-1(b) (Supp.1988)).

Having concluded that partial child support is not a proper matter for restitution awards under the current statutory scheme, defendant's remaining claims of error need not be addressed. Because the trial court determined that the restitution award here was "not a reduction of [defendant's] sentence," that it was "independent," it is not necessary to remand the case for a new sentencing hearing.

*The probation condition for restitution is stricken.*