STATE OF VERMONT
ENVIRONMENTAL COURT

|  | } |  |
|---|---|---|
| **Appeal of TCSC, LLC** | } | **Docket No. 177-10-04 Vtec** |
|  | } |  |
|  | } |  |

## Decision and Order on Cross-Motions for Summary Judgment

Appellant TCSC, LLC appeals from the decision of the Town of Williston Development Review Board (DRB) that upheld an alleged notice of violation issued on June 21, 2004 by the Town's Zoning Administrator for Appellant's property at 11 Taft Corners Shopping Center. The formal notice of violation charges that "a series of new lighting fixtures have been installed under the canopy along frontage of the Taft Corners Shopping Center without [DRB] approval." Appellant is represented by Eric M. Knudsen, Esq.; the Town is represented by Paul S. Gillies, Esq.

Both parties have filed motions for summary judgment on all the issues raised by Appellant's Statement of Questions, stated in their entirety below:

(a) Did the replacement of lighting fixtures of a different design under the canopy of the Taft Corners Shopping Center constitute "development" under the Zoning Ordinance (Ordinance);

(b) Did the replacement of lighting fixtures of a different design under the canopy of the Taft Corners Shopping Center require DRB approval under the conditions of the permit for the "Ninety-Nine Restaurant and Pub"; and

(c) Did lighting fixture replacement of a different design without a permit violate the Ordinance?

All of these questions are addressed in this Decision.

## Factual Background

The following material facts are undisputed unless otherwise noted:

1.     Appellant is the owner of a shopping center, known as Taft Corners Shopping Center, at the intersection of U.S. Routes 2 & Vermont Route 2A that provides a mix of retail, service, and restaurant uses, including the "Ninety-Nine Restaurant and Pub" (Ninety-Nine), which is the portion of the property at issue in this appeal. The Taft Corners Shopping Center is

in the Taft Corners zoning district, Ordinance § 2.3.8, and is subject to design review pursuant to Ordinance § 4.21.

2. A roof canopy covers the walkway in front of all leased premises in the shopping center, including the Ninety-Nine. Appellant's Statement of Undisputed Facts, Ex. A, E.

3. The Ninety-Nine facade and walkway are lit by overhead pendant light fixtures that hang from underneath the roof canopy. These light fixtures were originally Trimblehouse 175-watt metal halide fixtures, that resemble a white sphere hanging from a wire. Those fixtures were installed in 1985. Appellant maintains that these fixtures had deteriorated to the point that they were falling from the canopy onto the walkway, thus posing a risk of injury to Appellant's and the Ninety-Nine's patrons. See Appellant's Statement of Undisputed Facts, at 1; Judge Affidavit ¶ 6.

4. Sometime in December of 2003, Appellant replaced the Trimblehouse fixtures with 70-watt metal halide pendant fixtures manufactured by Abolite, which have a cylindrical bulb, the top half of which is covered by a bell-shaped shield. Appellant's Statement of Undisputed Facts, Ex. B, C, D.

5. The lighting fixtures (both old and new) cannot be seen from outside of the shopping center; they are only visible from beneath the roof canopy. The Court understands that the illumination from the fixtures (both old and new) can be seen at night from outside of the roof canopy.

6. On July 22, 2003, the DRB issued a zoning permit approving the conversion of Appellant's property for lease as a Ninety-Nine restaurant. The DRB determined that while no site plan was needed, the Design Advisory Committee had to review the proposed changes pursuant to § 4.21 of the Zoning Ordinance because the property was in the Taft Corners Design Review Overlay zoning district (Taft Corners District).

7. In accordance with the Committee's recommendations, the DRB included a condition in its zoning permit approval that stated, "3.) No new lighting fixtures are to be installed over the awnings under the canopy without prior approval by the Town. The existing fixtures may be repaired or replaced with identical fixtures." A subsequent condition stated, "6.) No substantial or material changes shall be made in the project without the prior issuance of a permit amendment from the [DRB]. The Zoning Administrator may approve in writing minor,

insubstantial changes to the project." See Attach. to the Town's Cross Mot. for Summ. J., Ex. A, at 17.

8. The zoning permit for the Ninety-Nine, issued on August 13, 2003, did not list the DRB's conditions of approval from its July 22, 2003 meeting; however, the permit does state that, "The applicant is responsible for meeting all conditions in this permit and in the DRB approval dated 7/22/03." See Attach. to Appellant's Resp. to the Town of Williston's Mot for Summ. J., Ex. B, at 2. The application for the zoning/building permit was hand-written and lists the "Applicant/Lessee" as "Ninety-Nine Restaurant + Pub," while Appellant is listed as the "Owner." Id. at 1.

9. On June 21, 2004, the Zoning Administrator mailed a "formal notice of a zoning violation" letter to Appellant for "[u]npermitted outdoor lighting," citing Ordinance § 4.16.2. See (Letter from Scott Gustin to Peter Judge of 6/21/04, at 1).

10. Ordinance § 4.16.2(A) states: "No outdoor lighting fixtures may be installed in the . . . TC [Taft Corners] . . . District[] without first obtaining approval from the [DRB]." Ordinance § 4.16.2.

11. A requirement of the Taft Corners District—Section 4.21.3(A)(6)(a)—states that "Outdoor lighting should comply with the standards set forth in Sub-Section 4.16 of the [Ordinance]," which requires DRB approval for outdoor lighting.

12. Lastly, because only a zoning permit was required for the Ninety-Nine when it was approved by the DRB, Ordinance § 4.21.8 requires any design review recommendations to be incorporated "into the conditions of approval for the zoning permit."

### Discussion

In this appeal from a formal notice of violation, Appellant alleges that DRB approval is unnecessary to replace the lighting fixtures under the roof canopy because the replacement is a "normal redecoration, maintenance or repair[]," which is excluded from the definition of "development," for which a permit is required. Ordinance § 6.2.23. The Ordinance provides that "No land development may be commenced . . . without a zoning permit being issued by the Zoning Administrator." Ordinance § 5.3.1.

If the Ordinance were devoid of requirements for outdoor lighting in the Taft Corners District, then Appellant's argument may have merit. However, because the Ordinance contains provisions specifically applicable to the installation of outdoor lighting in that District, we do not

need to address whether the replacement of outdoor lighting constitutes "development" or "normal redecoration, maintenance, or repair." "Zoning ordinances are construed according to the general principals of statutory construction," In re Weeks, 167 Vt. 551, 554 (1998). Our Supreme Court has directed that when "construing conflicting statutes that deal with the same subject matter, the more specific provision controls over the more general one," Stevenson v. Capital Fire Mut. Aid Sys., 163 Vt. 623, 625 (1995) (citing State v. Jarvis, 146 Vt. 636, 638 (1986)). We therefore find that a permit is required under § 4.16.2 when new and not "identical" outdoor lighting fixtures are installed under the roof canopy of Appellant's shopping center in front of the Ninety-Nine.

Furthermore, this appeal does not involve uncertainty in construing the zoning ordinance, so there is no need to advance the construction of the regulations urged by the landowner. The regulations are clear that § 4.16.2 requires DRB approval for the installation of outdoor lighting fixtures in the Taft Corners District.

In addition to the approval required by § 4.16.2, the Ordinance's provisions relating to the Taft Corners District also require any outdoor lighting to comply with § 4.16, including DRB approval of outdoor lighting fixtures. Thus, because we apply the more specific provision of the Ordinance relating to outdoor lighting over the broader provision relating to "development" generally, we find that Appellant violated the Ordinance by not first obtaining DRB approval to install new outdoor lighting fixtures in front of the Ninety-Nine.

Appellant, the property's owner, also argues that the requirements of the Ninety-Nine's building/zoning permit and its conditions of approval are inapplicable, as they only apply to the permit's "Applicant," who is listed as "Ninety Nine Restaurant + Pub." See Attach. to Appellant's Resp. to the Town of Williston's Mot for Summ. J., Ex. B, at 1. Appellant relies on a single sentence in the last paragraph of the permit to argue that the DRB's conditions of approval do not apply to the landowner. The permit states, "The applicant is responsible for meeting all conditions in this permit and in the DRB approval dated 7/22/03." Id. at 2 (emphasis added).

"In construing permit conditions, we rely upon the normal rules of statutory construction." Agency of Natural Res. v. Weston, 2003 VT 58, ¶ 16 (citing Sec'y, Vt. Agency of Natural Res. v. Handy Family Enters., 163 Vt. 476, 481 (1995)). "Ordinarily, we do so by

accepting the plain meaning of the words because we presume that they express the underlying intent." Id.

First and foremost, the zoning permit issued for the Ninety-Nine (#BP-04-56) states, "The undersigned applies for permission to make certain building and/or site improvements as described below." The permit application is signed by Peter Judge, the President of Judge Development Corp., which is a member of Appellant limited liability company. The permit application is not signed by a representative of the "Lessee," Ninety-Nine. See Attach. to Appellant's Resp. to the Town of Williston's Mot. for Summ. J., Ex. B, at 1; Judge Aff. at ¶ 1, 2. Although Appellant is listed as "Owner" on the permit, its agent—Mr. Judge—filled out and submitted the permit application. Therefore, Appellant must also be considered an applicant for the zoning permit. Furthermore, the DRB treated Appellant as the applicant, as evidenced by the DRB's uncontested and unappealed decision on July 22, 2003, which states that the application was filed "by TCSC and 99 Restaurant & Pub to renovate a portion of the exiting [sic] TCSC shopping center . . . ." See Attach. to the Town's Cross-Mot. for Summ. J., at 16 (July 22, 2003).

Appellant was therefore an applicant in this proceeding and is bound by the DRB's conditions, issued on July 22, 2003. One such condition requires that "[n]o new lighting fixtures . . . be installed over the awnings under the canopy without prior approval by the Town." Id. at 17, ¶ 3. Appellant could have repaired or replaced the Trimblehouse fixtures with identical fixtures without approval from the DRB. However, Appellant's choice to install new, non-identical fixtures necessitated prior review by the DRB, which the Applicant did not seek or obtain. Therefore, the formal notice of violation was proper.

Accordingly, based on the foregoing, it is hereby ordered and adjudged that Appellant's motion for summary judgment is **DENIED**, and the Town's motion for summary judgment is **GRANTED**, concluding this appeal.

Done at Berlin, Vermont, this 1st day of July, 2005

_____
Thomas S. Durkin, Environmental Judge