```
                    Environmental Court of Vermont
                           State of Vermont
```

===========================================================================
                **E N T R Y   R E G A R D I N G   R E Q U E S T**
===========================================================================

In re Main St. Place LLC Demolition Permit          Docket No. 163-8-09 Vtec
     (Appeal from Derby ZBA determination on appeal from Zoning Admin. Decision)

Title: Motion for Summary Judgment[1] (Filing No. 5)

Filed:        October 12, 2009

Filed By:          David W. Rugh, Co-Counsel for Appellee/Applicant Wesco, Inc.

Response filed on 10/22/09 by Appellant Community National Bank

Reply to Response filed on 11/09/09 by David W. Rugh

___ Granted                    _X_ Denied                    ___ Other

     Appellee-Applicant Main Street Place, LLC ("Main St. Place"), has moved
for a summary dismissal of the pending appeal, alleging that Appellant Community
National Bank ("CNB") filed an untimely appeal. CNB opposes the motion for
summary judgment and requests that the Court remand the pending application back
to the Derby Zoning Board of Adjustment ("ZBA").  We begin our analysis with a
review of the standards under V.R.C.P. 56.

     Summary Judgment may only be granted when "the pleadings, depositions,
answers to interrogatories, and admissions on file, together with the
affidavits, if any, . . . show that there is no genuine issue as to any material
fact and that any party is entitled to judgment as a matter of law." V.R.C.P.
56(c)(3). The Court "place[s] the burden of proof on the moving party, and
give[s] the opposing party the benefit of all reasonable doubts and inferences."
Chapman v. Sparta, 167 Vt. 157, 159 (1997). We address the challenge to the
timeliness and propriety of Appellant's appeal in this light.

     On August 18, 2009, CNB filed an appeal from the May 18, 2009 decision of
the Derby Zoning Board of Adjustment, affirming the April 13, 2009 decision of
the Derby Zoning Administrator to issue a demolition permit to Main St. Place.
There is no dispute that CNB's appeal was filed well beyond the thirty day
deadline for appeals to be filed with this Court.  V.R.E.C.P. 5(b)(1).

     Main St. Place further claims that CNB failed to take the procedural steps
necessary to be allowed to file an untimely appeal and directs our attention to
V.R.A.P 4 in support of its argument that CNB's appeal is untimely and invalid.
In response, CNB refers to 10 V.S.A. § 8504 to support its argument that the
appeal deadline does not apply, due to lack of notice of the lower proceedings.
In this instance it is more appropriate to look to 10 V.S.A. § 8504 for guidance
on appellate proceedings in the Environmental Court. Under principals of
statutory construction, if there are two provisions that relate to the same
subject matter, "the more specific provision controls over the more general
one." Stevenson v. Capital Fire Mut. Aid Sys., 163 Vt. 623, 625 (1995).  Section
8504 provides more specific direction for these zoning appeal proceedings.

     Accordingly, 10 V.S.A. § 8504 is controlling.  This section, titled
"Appeals to the environmental court" states that an appeal must be made

---

[1] Appellee Main St. Place originally filed a motion to dismiss.  However, the Court recognized that the pending motion required reference beyond the pleadings and converted the motion to one for summary judgment.  See V.R.C.P. 12(b).

"[w]ithin thirty days of the date of the act or decision."  Id.  10 V.S.A. § 8504(b)(2), however, proscribes circumstances in which the thirty day filing deadline may be overcome. 10 V.S.A. § 8504(b)(2) states:

> Notwithstanding subdivision (1) of this subsection, an interested person may appeal an act or decision under 24 V.S.A. chapter 117 if the environmental judge determines that:
> (A) there was a procedural defect which prevented the person from obtaining interested person status or participating in the proceeding;
> (B) the decision being appealed is the grant or denial of interested person status.; or
> (C) some other condition exists which would result in manifest injustice if the person's right to appeal was disallowed.

Id.

CNB owns property which is across the street from the buildings which Applicant seeks authority to demolish.  No party disputes that CNB is regarded as an adjoiner, thereby entitled to written notice of the ZBA's hearing on the pending application.  See 24 V.S.A. § 4464(a)(1)(C) (directing that written notification of the public hearing on a specific application must be given to "owners of all properties adjoining the property subject to development, including the owners of properties which would be contiguous . . . but for the interposition of a highway or other public right-of-way . . ..").  No such notice was given to CNB, however, which CNB asserts is the only reason why it did not participate or file a timely appeal in this matter.[2]  In fact, the record before us suggests that the ZBA did not give notice of its hearing to any adjoining property owner.

When notice is not provided, parties entitled to participate are deprived of their rights to participate and be heard.  We envision that the absence of notice to adjoining property owners in this case is the very type of "procedural defect" that justifies an exception to our appeals process, since the absence of notice "prevented [CNB] from obtaining party status or participating in the {ZBA} proceeding."  10 V.S.A. § 8504(d)(2)(A).  Contemplating that such "procedural defects" will sometimes occur in zoning proceedings, our law directs that an untimely appeal may be allowed to go forward.  We conclude that the lack of notice, and CNB's effort to appeal upon learning of the ZBA's unnoticed decision, speaks in favor of allowing its appeal to go forward.

For all these reasons, we conclude that Main St. Place's summary judgment motion must be DENIED.

---
Thomas S. Durkin, Judge

February 12, 2010
Date

=========================================================================
Date copies sent to: _____          Clerk's Initials _____

Copies sent to:
   Paul S. Gillies, Attorney for Appellant Community National Bank
   Jon T. Anderson and David W. Rugh, Attorneys for Appellee/Applicant
   William E. Simendinger, Co-Counsel for Appellee/Applicant
   Sara Davies Coe, Attorney for Town of Derby
   Village of Derby Line (FYI purposes only)

---
[2]  The parties also do not dispute that CNB did not receive immediate notice of the ZBA decision.