2010 VT 116

**STATE of Vermont v. Michael C. PLANTE**

[15 A.3d 120]

No. 10-071

¶ 1. December 22, 2010. Defendant was charged with burglary and grand larceny. The burglary charge was dropped by the State as part of a plea agreement. In accordance with the agreement, defendant pled nolo contendere to the charge of larceny based, in part, on the theft of $32,800. The agreement form included the condition: "restitution hearing required." The trial court held a hearing and, based on the testimony of the victim, the court ordered defendant to pay restitution in the amount of $32,300, the total uninsured amount of money stolen. Defendant appeals, claiming that restitution is not available when the conviction is based on a plea of no contest. This argument has no merit, and we affirm.

¶ 2. There is no need to detail the purpose of the restitution statute other than to state it is the legislative intent to afford crime victims some payment for whatever injury they received as a result of the defendant's acts. See 13 V.S.A. § 5301(4); *State v. VanDusen*, 166 Vt. 240, 244, 691 A.2d 1053, 1055 (1997). Vermont law requires that there be a direct link between the loss for which restitution is ordered and the conduct for which defendant has been convicted. *State v. LaFlam*, 2008 VT 108, ¶ 17, 184 Vt. 629, 965 A.2d 519 (mem.).

¶ 3. The gist of defendant's argument is that by pleading no contest to the charge of grand larceny he did not expressly admit his guilt and did not expressly admit to the facts alleged by the State to support the charge. A plea of nolo contendere is only allowed with the court's permission. V.R.Cr.P. 11(b). It reflects the defendant's agreement that, should the matter go to trial, the State has sufficient, admissible evidence to convince a jury of the defendant's guilt. For purposes of the proceeding in which it is entered, the plea is generally treated like a plea of guilty. *Id.*; see, e.g., *State v. Gleason*, 154 Vt. 205, 211, 576 A.2d 1246, 1249 (1990). Similarly, a conviction based upon a nolo plea is treated as though based upon a plea of guilty for purposes such as imposing a condition of probation, *State v. Peck*, 149 Vt. 617, 622-23, 547 A.2d 1329, 1332-33 (1988), or the application of the recidivism statute. *State v. Cameron*, 126 Vt. 244, 249, 227 A.2d 276, 279 (1967). That said, the plea of nolo, itself, in contrast to the guilty plea, is not considered an admission of guilt for purposes of a subsequent criminal proceeding or a civil

proceeding based on the underlying conduct. V.R.Cr.P. 11(b), 11(e)(5); *Gleason*, 154 Vt. at 211, 576 A.2d at 1249. This distinction, however, does not alter the effect a nolo plea has on a resulting restitution order, which is part of the pending criminal proceeding. See *State v Fontaine*, 167 Vt. 529, 532, 711 A.2d 667, 669 (1998) (noting restitution is sought through criminal proceedings); *Gleason*, 154 Vt. at 211, 576 A.2d at 1249 ("[I]n the criminal proceeding then pending, the plea of nolo contendere is taken as a complete admission of guilt leading to a judgment of conviction." (quotation omitted)).

¶ 4. In 1987, Vermont Rule of Criminal Procedure 11, governing pleas, was amended to include in the advice given to the defendant that the trial court may also order restitution. Reporter's Notes — 1987 Amendment, V.R.Cr.P. 11. The court must make clear to the defendant that, if his or her plea of guilty or nolo contendere is accepted by the court, "the court may also order the defendant to make restitution to any victim of the offense." V.R.Cr.P. 11(c)(2).

¶ 5. Defendant's grand larceny conviction is sufficient for attributing the underlying criminal conduct to him for the purposes of a restitution order. Conviction of the crime is what links the underlying conduct to the defendant in a case involving restitution. *LaFlam*, 2008 VT 108, ¶ 17.

¶ 6. Defendant also claims that because he pled no contest to the charges there was no recitation of the necessary facts providing a direct link between his actions and the victim's loss. This additional point is unavailing. We have held that a nolo plea does not require a factual inquiry at the time it is accepted. *Peck*, 149 Vt. at 622, 547 A.2d at 1332. Here, the link between defendant's larceny of $32,800 and the restitution determination of the $32,300, the uninsured direct loss of the victim, was established in the hearing.

*Affirmed.*