*Note: Decisions of a three-justice panel are not to be considered as precedent before any tribunal.*

## ENTRY ORDER

SUPREME COURT DOCKET NO. 2012-176

FEBURARY TERM, 2013

| | | |
|---|---|---|
| State of Vermont | } | APPEALED FROM: |
| | } | |
| | } | Superior Court, Essex Unit, |
| v. | } | Criminal Division |
| | } | |
| | } | |
| Frank Fellows | } | DOCKET NO. 54-4-09 Excr |

Trial Judge: Robert P. Gerety, Jr.

In the above-entitled cause, the Clerk will enter:

Defendant appeals a restitution order imposed after he was convicted of sexual assault and lewd-and-lascivious conduct with a child. We affirm.

After a jury convicted defendant of sexually assaulting his fourteen-year-old daughter, the State sought restitution for uninsured expenses related to the victim's counseling following the assault. Specifically, compensation was requested for uninsured counseling and related health services provided to the victim to assist in her recovery, as well as uninsured lost wages and mileage expenses incurred by the victim's mother in transporting the victim to the medical and counseling appointments. The losses totaled approximately $9500, all of which had been either paid or reimbursed through the statutorily created victims' compensation fund. See 13 V.S.A. § 5359(a) (creating victims' compensation fund for purpose of supporting activities and operating costs of victims' compensation board and center for crime victims services).

At the restitution hearing, defendant argued that the State failed to provide expert testimony establishing a causal connection between the claimed expenses and the crime for which he was convicted. The criminal division of the superior court rejected this argument, stating that the causal connection between defendant's crime and counseling services for the victim was well within the knowledge and understanding of the average layman and did not require expert testimony. The court noted that the compensation claims specialist from the center for crime victims services who had approved reimbursement for the services in this case testified that: (1) the center generally took great care to verify a causal connection between the claimed expenses and the criminal conduct; and (2) in this case, the medical provider had informed the claims specialist that all relevant losses and expenses were related to injuries suffered as the result of the crime for which defendant was convicted. The court found the claims specialist's testimony to be reliable hearsay in a proceeding related to sentencing. See V.R.E. 1101(b)(3) (exempting application of most rules of evidence from various proceedings,

including sentencing hearings). The court also stated that its findings were based on the non hearsay testimony of the State's witnesses—the claims specialist and the victim's mother.

On appeal, defendant's arguments have shifted from what he argued at trial. He contends that: (1) the claimed costs must be considered non-reimbursable "costs of prosecution" pursuant to State v. Forant, 168 Vt. 217 (1998); and (2) expenses directly billed to the victims' compensation fund rather than the victim or her mother cannot be considered material losses subject to a restitution order. The State agrees with appellant's third argument—that the restitution order must be vacated if defendant ultimately prevails in the separate pending appeal of his criminal conviction.

Neither of defendant's first two arguments was raised before the superior court at the restitution hearing. At that hearing, defendant was represented by counsel, who argued only that the claims specialist was not competent to testify as to the causal connection between the claimed losses and the crime for which defendant was convicted. Defendant argued that expert testimony was required to establish that causal connection. At the conclusion of the hearing, the court gave defendant ten days to articulate his arguments in a memorandum of law and state whether he wanted to present additional evidence. Defendant submitted a post-hearing memorandum of law, reiterating his argument that expert opinion was required to establish a causal connection between the claimed losses and the crime for which defendant was convicted. In its decision, the superior court addressed only that contention and the admissibility and reliability of the State's hearsay evidence. At no time during the restitution proceeding did defendant argue that any of the claimed losses were nonreimbursable costs of prosecution or were not out-of-pocket expenses directly incurred by the victim or her mother.

"We have consistently held that matters not raised at the trial court may not be raised for the first time on appeal." Bradford Oil Co. v. Stonington Ins. Co., 2011 VT 108, ¶ 22, 190 Vt. 330; see also State v. Tetrault, 2012 VT 51, ¶ 9 (mem.) (declining to consider arguments not raised at restitution hearing). "Our preservation rules serve important goals, such as creating an adequate record for review, and allowing the trial court to correct any errors and rule on objections in the first instance." State v. Erwin, 2011 VT 41, ¶ 14, 189 Vt. 502.

The State contends that defendant waived his alleged claims of error by failing to make a plain error argument on appeal. See, e.g., id. ¶ 13 n.* ("Defendant did not raise these objections below, and he does not argue plain error. We thus do not address these arguments."); State v. Hinchliffe, 2009 VT 111, ¶ 34, 186 Vt. 487 ("[D]efendant has not argued that the court's interpretation of the statute or that the court's instructions to the jury were plain error. Therefore, we do not address these questions."). Defendant responds that: (1) his principal brief may be construed as containing a plain error argument; and (2) the issues he raises are ripe for consideration by this Court because they are fully briefed.

We reject defendant's contention that he made a plain error argument. His brief neither mentions the term "plain error" nor addresses the plain error standard of review. He should have acknowledged in his brief that he was claiming plain error regarding unpreserved issues.

Nevertheless, we have stated that "plain error is also applicable when appellate counsel fails to raise an issue, or raises it in an untimely fashion." State v. Yoh, 2006 VT 49A, ¶ 37, 180 Vt. 317; see also V.R.Cr.P. 52(b) ("Plain errors or defects affecting substantial rights may be noticed although they were not brought to the attention of the court."). Moreover, there is some question as to whether a restitution hearing is part of a criminal proceeding or rather more in the nature of a civil proceeding, wherein unpreserved errors may be addressed only to vindicate fundamental rights or correct manifest injustice. See Spooner v. Town of Topsham, 2009 VT 43, ¶ 7, 186 Vt. 527 (mem.) ("[W]e allow plain error review in civil cases in only very limited circumstances—where the asserted error is a violation of fundamental rights or where a liberty interest is involved."). Compare State v. Plante, 2010 VT 116, ¶ 3, 189 Vt. 556 (mem.) (stating that restitution order "is part of the pending criminal proceeding") with State v. Hughes, 2010 VT 72, ¶ 10, 188 Vt. 595 (mem.) (stating that restitution order "is more akin to a civil judgment for damages than a criminal proceeding resulting in punishment").

In any event, we conclude that even assuming a criminal plain error analysis is available in restitution cases, neither one of his arguments meets the stringent plain error standard. Even in the criminal context, a finding of plain error is reserved for those "exceptional circumstances where a failure to recognize error would result in a miscarriage of justice, or where there is glaring error so grave and serious that it strikes at the very heart of the defendant's constitutional rights." State v. Pelican, 160 Vt. 536, 538 (1993) (quotation omitted).

Defendant first argues that the victim's counseling sessions were a "cost of prosecution," citing Forant, 168 Vt. at 220-21, which held that travel and child care expenses incurred by the victim to meet with the prosecutor and attend court proceedings were "so directly related to the cost of prosecution that they are not taxable to defendant under the present statutory scheme." Id. at 221. Here, however, the counseling expenses were not "directly related" to the prosecution, notwithstanding that the victim's counselor was called to testify by the State and acknowledged in her trial testimony that she helped the victim prepare for trial. The apparent context of the counselor's testimony suggests that she merely helped the victim overcome her anxiety about testifying in court concerning a very emotional subject. Because this argument was not raised at the restitution hearing, evidence was not presented on the extent of the counselor's efforts to prepare the victim for trial or for her relationship and contact with the prosecution. The fact that the counselor gained some information from counseling the victim that the State found relevant to defendant's criminal trial does not demonstrate that the counseling was a cost of prosecution. We find no plain error, if any error at all. See State v. Shepherd, 2012 VT 91, ¶ 11 (mem.) (stating that restitution statute covers "reasonable counseling expenses for victims of crime").

Defendant's second argument is that neither the victim nor her mother suffered any compensable material loss for expenses billed directly to the victims' compensation program. Not only did defendant not raise this argument, but he did not even address in his principal brief the most relevant statutory provision touching upon this issue, 13 V.S.A. § 7043(i)(2), which states that "[t]o the extent that the victims compensation board has made payment to or on behalf of the victim in accordance with chapter 167 of this title, restitution, if imposed, shall be paid to the restitution unit, which shall make payment to the victims compensation fund." Notwithstanding defendant's argument in his reply brief that this provision concerns only the

"flow of restitution money" and "does not create new restitution liability," this Court has explicitly recognized that the provision allows direct restitution to the victims' compensation fund for expenses incurred by the fund on behalf of the victim. See State v. Kenvin, 2011 VT 123, ¶ 15, 191 Vt. 30 (recognizing that provision "allows restitution to be directed to the victims' compensation fund when the Victims' Compensation Board has made payment to or on behalf of a victim"); State v. Thomas, 2010 VT 107, ¶ 16, 189 Vt. 106 (noting that "the statute specifically allows an award of compensation to the victims' compensation fund"). Again, we find no plain error, if any error at all.

Affirmed.

BY THE COURT:

_____
Paul L. Reiber, Chief Justice


_____
John A. Dooley, Associate Justice


_____
Brian L. Burgess, Associate Justice