VERMONT SUPERIOR COURT
Windsor Unit
12 The Green
Woodstock VT  05091
802-457-2121
www.vermontjudiciary.org

CIVIL DIVISION
Case No. 24-CV-02983



| Timothy Dasler v. Dalene Washburn |
| --- |

# ENTRY REGARDING MOTION

Title:         Motion to Dismiss; Motion for Extension of Time ; to amend complaint (Motion: 6; 7)
Filer:         Jennifer E. McDonald; Timothy P. Dasler
Filed Date:    December 30, 2024; January 13, 2025

Defendant's Motion to Dismiss is **GRANTED**

Plaintiff's Motions to Extend Time and to Amend the Complaint are **DENIED**

This is an action filed by Plaintiff Timothy Dasler seeking damages that he claims are associated with Defendant Dalene Washburn's therapy and treatment of Plaintiff's daughter. Defendant has filed a motion to dismiss.  Plaintiff opposes this motion and seeks a stay in the present action and an opportunity to amend his complaint.

The Court will begin its analysis by taking note of the related dockets involving the parties from the Vermont District Federal Court (Docket No. 2:21-cv-00194) and the Second Circuit (Docket No. 23-1156-CV).  *Peachey v. Peachey*, 2021 VT 78, ¶ 3 n.1 (permitting court to take judicial notice of the docket entries in related cases) (citing *Roethke v. Jake's Original Bar & Grill*, 172 Vt. 555, 556 n* (2001) (mem.)).  In these federal actions Plaintiff sought to sue Defendant for the same claims and causes of action as he presently seeks to assert in this state court action.  Specifically, Plaintiff has raised, in both the federal court and the present action claims of 1) conspiracy; 2) false light/defamation; 3) breach of confidence/breach of trust; 4) negligent/reckless/intentional infliction of emotional distress;[1] and 5) breach of contract/abuse of process.  As Defendant notes in

---

[1] The Court will note that despite the similarity of their names, claims for intentional infliction of emotional distress and negligent infliction of emotional distress are substantially different claims and if this matter would proceed past this initial motion stage, such pleading would not be sufficient to put a party on notice.  Compare *Siliski v. Allstate Ins. Co.*, 174 Vt. 200, 207 (2002) (outlining the elements of IIED), with *Brueckner v. Norwich University*, 169 Vt. 118, 125 (1999) (outlining elements of NIED).

her motion to dismiss, these claims factually and legally correspond to each other in both the federal and state pleadings. See Def. Mot. to Dismiss at 3–6 (Dec. 30, 2024) (analyzing the two sets of pleadings on a line-by-line basis). The Court, having reviewed Plaintiff's pleadings in state and federal court finds the two sets of claims to be the same in both claims and factual basis.

Apart from federal claims that are in Plaintiff's federal pleadings but were not brought over to his state pleadings, the sole distinction between Plaintiff's pleadings is that he raises several claims of professional negligence and malpractice in his federal complaint but not in his state pleadings. Instead, Plaintiff avers a claim of prima facie tort. As the Vermont Supreme Court has noted, this tort, while not formally recognized in Vermont, arises where an individual intentionally causes injury to another. *Fromson v. State*, 2004 VT 29, ¶ 19. The Court, however, is obligated to look beyond the headers and titles in a pleading to understand the substance of the claims. *Powers v. Office of Child Support*, 173 Vt. 390, 399 (2002) (noting that "when determining the nature of a claim, the court should look to the substance of the complaint rather than its precise terminology.") (citing *Stevenson v. Capital Fire Mut. Aid Sys., Inc.,* 163 Vt. 623, 625, 661 A.2d 86, 89 (1995) (mem.)).

Looking at the substance of Plaintiff's prima facie tort claim shows that it arises from allegations that Defendant misused her authority as a medical provider in a way that was contrary to her professional responsibilities.[2] Pltf. Complaint at 37 (Jul. 31, 2024). This is precisely the same allegations behind Plaintiff's professional negligence and malpractice claims. For these reasons, the Court finds that the prima facie tort claims are the same claims that Plaintiff pursued under his federal court action.

*Standard of Review*

Dismissal for failure to state a claim upon which relief can be granted is appropriate "where there exist no facts or circumstances that would entitle the plaintiff to relief." *Amy's Enterprises v. Sorrell*, 174 Vt. 623, 623 (2002). The Court must assume that all factual allegations contained in the complaint are true. *Richards v. Town of Norwich*, 169 Vt. 44 (1999). "The purpose of a motion to dismiss for failure to state a claim is to test the law of a claim, not the facts which support it."

---

[2] There is a fatal flaw in much of Plaintiff's tort filings in that he does not allege any physical impact but only claims reputation or emotional harm in derogation of Vermont's long-standing physical-impact rule for tort claims. *Zeno-Ethridge v. Comcast Corp.*, 2024 VT 16, ¶¶ 8–17. Even if the Court was to read Plaintiff's complaint as some form of intentional breach of her professional standards, this claim would fall under either professional negligence or breach of good faith and fair dealing that were both included in Plaintiff's federal complaint.

*Levinsky v. Diamond*, 140 Vt. 595, 600 (1982) (quotations omitted), overruled on other grounds in *Muzzy v. State*, 155 Vt. 279, (1990).

<u>*Legal Analysis*</u>

The doctrine of res judicata prevents a party from litigating claims if there is a final judgment in prior litigation against the same party for identical or substantially identical claims. *Berlin Convalescent Ctr., Inc. v. Stoneman*, 159 Vt. 53, 56 (1992). In this case, Defendant notes that the dismissal in federal court against Plaintiff's claims was done under F.R.C.P. 12(b)(6) and was "on the merits." *Dasler v. Washburn*, 23-1156, at *5 (2d Cir. Jul. 2, 2024). In that decision, the Second Circuit affirmed the district court's dismissal of Plaintiff's state court claims, but it took the additional steps of clarifying that the dismissal was not on the procedural grounds of "the domestic relations exemption," but was a review and rejection of the substance of Plaintiff's claims. Id. at n.2. As such, this dismiss constitutes a final judgment on the merits. *Exch. Nat'l Bank of Chicago v. Touche Ross & Co.*, 544 F.2d 1126, 1130–31 (2d Cir.1976) (recognizing that "judgments under F.R.C.P. 12(b)(6) are on the merits, with res judicata effects"). Vermont law has long recognized the same effect for dismissals under V.R.C.P. 12(b)(6). *Cody v. Cody's Estate*, 134 Vt. 113, 114–15 (1976).

In this case, Defendant has demonstrated all of the elements of res judicata. There is a prior final judgment on the same, or substantially same, claims between the same parties. This federal court decision came after nearly four years of litigation, motions, and filings by Plaintiff. The Court finds, in reviewing the federal court docket that Plaintiff had a full and fair opportunity to litigate his claims in the prior federal action. *Berlin Convalescent Ctr., Inc*, 159 Vt. at 56-57 (noting that the prior adjudication must have been full and fair and the application of res judicata is fair). For these reasons, the Court finds that the doctrine of res judicata applies to Plaintiff's state court claims, and Defendant is entitled to have them **Dismissed** as a matter of law.

In addition to res judicata, Defendant seeks dismissal of Plaintiff's tort claims under the three-year statute of limitations in 12 V.S.A. § 512. While the Court's res judicata ruling is dispositive, it will, nevertheless rule on these alternative grounds. It is undisputed that the factual basis for Plaintiff's prima facie tort; false light/defamation; and negligence/reckless/intentional infliction of emotional distress claims arose in 2018 when Defendant was treating Plaintiff's daughter. It is also undisputed that the present action was filed in 2024, six years afterwards. As such, these claims are time-barred.

In response to these facts, Plaintiff argues that these claims were effectively saved by the provisions of 12 V.S.A. § 558 that allow a party to commence a new action within a year from the dismissal of a prior, related action. The limitation on Section 558 are that the prior action must have been dismissed for a limited number of procedural reasons including: 1) insufficiency of service of process; 2) prior dismissal for lack personal or subject matter jurisdiction; 3) death of a party in the prior action; or 4) reversal of judgment for plaintiff on appeal. 12 V.S.A. § 558(a). In this case, none of the four enumerated reasons apply. Given the Second Circuit's decision to affirm the dismissal on the merits, Plaintiff cannot claim that the prior action was dismissed for lack of subject matter jurisdiction. The ruling by the Second Circuit, as it states, is on the merits and puts the decision outside of the limited exceptions of Section 558. For these reasons, the Court finds that Section 558 does not apply, and there is no savings provision that would prevent the application of 12 V.S.A. § 512.

For these reasons, the Court finds there are separate and alternative grounds to dismiss Plaintiff's tort claims. Defendant's motion to dismiss is **Granted.**

Turning to Plaintiff's motion, the Court finds that there are no reasonable grounds to either stay the present matter or extend the time in which Plaintiff can present filings. Defendant has raised meritorious issues in a timely manner, and Defendant is entitled to judgment on them. As the Court has consistently ruled, the timelines of the present action are not tied to the timelines in the federal court action. The Court also takes note that the last order issued by the federal district court on December 23, 2024 entitled *Order to Show Cause Why a Filing Injunction Should Not Be Entered.* Given the substance of that Order, that not only rejected Plaintiff's efforts to amend and re-file but may impose a filing injunction on Plaintiff's ability to file claims in the federal district court. In light of the posture of the federal court case, the Court finds no reason to stay or extend any decision or timeline in the present state action. The motion to stay and extend time is **Denied.**

Plaintiff also seeks to amend his complaint and raise new claims. A motion to amend may be denied if it triggers any of the following factors: "(1) undue delay; (2) bad faith; (3) futility of amendment; and (4) prejudice to the opposing party." *Perkins v. Windsor Hosp. Corp.*, 142 Vt. 305, 313, 455 A.2d 810, 815 (1982). In this case, the Court finds that any amendment would be futile and prejudice to the opposing party would be significant.

To the issue of futility, Plaintiff's complaint is not defective for a procedural defect or lack of a specific element. Instead, Plaintiff's complaint is broadly barred because the facts and claims have been litigated before and have been dismissed on the merits by the Second Circuit. Therefore, any amendment would have to go beyond the pleadings into an entirely new area since res judicata applies to claims that were raised as well as claims that could have been raised in the prior proceeding. *Bain v. Hoffman*, 2010 VT 18, ¶ 11 (mem.). With such a high hurdle, there is, effectively, no amendment possible that could reasonably arise from the present action that would not be barred by the application of res judicata to the present parties and claims.

Similarly, the Court finds that after four years of litigation in federal court culminating in a final decision by the Second Circuit, it would by highly prejudicial to allow an amendment at this late stage as an effort to push off the resolution of these claims. *In re Tariff Filing of Cent. Vermont Pub. Serv. Corp.*, 172 Vt. 14, 20, 769 A.2d 668, 673 (2001). Defendant is entitled the finality embodied in the Second Circuit's decision. Plaintiff has demonstrated an almost bottomless capacity for filing and re-filing motions in both federal court and in related family court actions. See *Knapp v. Dasler*, 2024 VT 65, ¶¶ 2–16 (summarizing Plaintiff's procedural history and repeated filings). For these reasons, the Court finds that the proposed motion to amend is likely to cause prejudice to Defendant that exceeds Plaintiff's right to pursue such changes at this juncture. *Colby v. Umbrella, Inc.*, 2008 VT 11, ¶ 4 (noting that a motion to amend may be denied when one or more of these factors are implicated).

For these reasons, Plaintiff's motion to amend is **Denied.**

### <u>ORDER</u>

Defendant's motion to dismiss is **Granted** as a matter of law, and the present matter is **Dismissed** under V.R.C.P. 12(b)(6) under the doctrine of res judicata and 12 V.S.A. § 512 for Plaintiff's tort claims. Plaintiff's motions to extend and stay the present matter and amend his complaint are **Denied.** This Order constitutes a final decision on the merits of Plaintiff's claims for purposes of V.R.C.P. 58.

The Court also notes that the federal district court has found that the present litigation as filed in the federal court appears to be related to the Plaintiff domestic court matters on which there is a filing injunction. See *Knapp*, 2024 VT 65. The federal district court in its December 23, 2024 Order has proposed to enact and extend its own filing injunction to protect Defendant Washburn

given that Plaintiff's filings against her appear to arise from the same improper purpose and place as his domestic filings. *Dasler v. Washburn*, Dckt. No. 2:21-CV-194, at *2 (Dec. 23, 2024). In a similar fashion, this Court will consider such an extension as a post-judgment motion in the following manner. Defendant may apply to have the filing injunction extended to her following completion of briefing and a ruling from the federal district court in Docket No. 2:21-CV-194. The Court will allow an opportunity for response and will rule in accordance with both the history contained within *Knapp v. Dasler*, 2024 VT 65 and the Court's more general authority under V.R.C.P. 11. *Fox v. Fox*, 2022 VT 27, ¶ 35.

Electronically signed on 2/2/2025 7:19 PM pursuant to V.R.E.F. 9(d)

Daniel Richardson
Superior Court Judge

Vermont Superior Court
Filed 02/04/25
Windsor Unit