NOTICE: This opinion is subject to motions for reargument under V.R.A.P. 40 as well as formal revision before publication in the Vermont Reports. Readers are requested to notify the Reporter of Decisions by email at: JUD.Reporter@vtcourts.gov or by mail at: Vermont Supreme Court, 109 State Street, Montpelier, Vermont 05609-0801, of any errors in order that corrections may be made before this opinion goes to press.

2024 VT 65

No. 23-AP-408

| | |
|---|---|
| Jennifer Knapp (Dasler) | Supreme Court |
| | |
| | On Appeal from |
| v. | Superior Court, Windsor Unit, |
| | Family Division |
| | |
| Timothy Dasler | September Term, 2024 |

Lisa Warren, J.

Timothy Dasler, Pro Se, Orford, New Hampshire, Plaintiff-Appellant.

John B. Loftus, III of Brannen & Loftus, PLLC, Hanover, New Hampshire, for
  Defendant-Appellee.


PRESENT:  Reiber, C.J., Eaton, Cohen and Waples, JJ., and Johnson, J. (Ret.),
                    Specially Assigned


¶ 1.    **EATON, J.**  Defendant Timothy Dasler appeals from the family division's order restricting him from engaging in abusive litigation against plaintiff Jennifer Knapp. Defendant claims that the court should not have considered motions and actions filed by him that were litigated and resolved prior to the enactment of the abusive-litigation statute in determining whether to impose the order. Defendant further contends that the court failed to identify which of his pending motions were abusive in its order. He asserts the court erred in its factual findings and failed to afford him adequate hearing time. Finally, he challenges other rulings that are outside the scope of this appeal. We conclude that none of defendant's claims warrant reversal and therefore affirm the family division's order.

## I. Factual Background

¶ 2. The following facts are drawn from the record and the family division's December 4, 2023 order restricting abusive litigation. Plaintiff and defendant were previously married and have one minor daughter together. In May 2017, plaintiff filed a complaint for relief from abuse (RFA) against defendant. The family division issued a final RFA order in August 2017. The court found that defendant had abused plaintiff by stalking her and causing her physical harm, and that there was a danger of further abuse.

¶ 3. Plaintiff filed for divorce in June 2017. The court issued a final divorce order in August 2018, which awarded plaintiff primary legal and physical rights and responsibilities for the parties' daughter and established a fifty-fifty parent-child contact schedule. Defendant appealed that order, and we affirmed. Dasler v. Dasler, No. 2018-301, 2019 WL 2359608 (Vt. June 3, 2019) (unpub. mem.) [https://perma.cc/9MJL-DNU8], cert. denied, 140 S. Ct. 673 (2019).

¶ 4. Defendant subsequently filed two other appeals from the underlying divorce proceeding. In Dasler v. Dasler, No. 2020-124, 2020 WL 6542001 (Vt. Nov. 6, 2020) (unpub. mem.) [https://perma.cc/F3XZ-M2A3], we affirmed the family court's denial of defendant's motion to hold plaintiff in contempt for allegedly failing to return certain personal items to him. In Dasler v. Dasler, No. 2020-146, 2021 WL 840982 (Vt. Mar. 5, 2021) (unpub. mem.) [https://perma.cc/LM3L-BWJJ], cert. denied, 142 S. Ct. 340 (2021), we affirmed the family court's order denying defendant's request to vacate the divorce order due to alleged fraud by plaintiff.

¶ 5. In May 2019, defendant filed a complaint in New Hampshire Superior Court seeking a restraining order against plaintiff and her parents. After an evidentiary hearing, the New Hampshire court granted plaintiff's motion to dismiss in December 2019.

¶ 6. In March 2020, defendant moved to modify the divorce order to give him sole legal and physical parental rights and responsibilities and to hold plaintiff in contempt for allegedly enrolling the child in school without consulting him and failing to engage in mediation.

2

¶ 7.    While his motion to modify custody was pending, in August 2021, defendant sued daughter's therapist in federal court alleging various claims including conspiracy and negligence. The district court dismissed the case, defendant appealed, and the Second Circuit affirmed. Dasler v. Washburn, No. 2:21-CV-194, 2022 WL 18542310 (D. Vt. Aug. 2, 2022), aff'd, 2024 WL 1787123 (2d Cir. Apr. 25, 2024). Defendant also filed a federal lawsuit against plaintiff alleging various constitutional claims and torts. The case was dismissed, and defendant appealed the dismissal to the Second Circuit, which has not yet issued a final decision. Dasler v. Knapp, No. 2:21-CV-l35, 2023 WL 8354441 (D. Vt. Oct. 13, 2023).

¶ 8.    The family division held a hearing on defendant's motion to modify custody in May 2022. After the hearing, defendant twice moved to reopen the evidence and to set an additional hearing. The court denied these and several other motions filed by defendant because he failed to identify any new issue or fact that had not been previously presented to the court.

¶ 9.    In September 2022, the court issued a decision denying defendant's motions to modify custody and hold plaintiff in contempt. Defendant moved for an extension of time to "respond and/or appeal." Knapp v. Dasler, No. 22-AP-331, 2023 WL 6786081, at *2 (Vt. Oct. 13, 2023) (unpub. mem.) [https://perma.cc/7SBZ-SA8G]. The family division granted the motion and gave defendant additional time to move for relief under Vermont Rule of Civil Procedure 59 or file a notice of appeal. Defendant filed a motion for reconsideration. The trial court denied the motion, concluding that it presented issues that had already been litigated and decided and did not present any new grounds for relief. The court warned defendant that his practice of moving for reconsideration of practically every court order raised concern that he was acting in bad faith and could potentially lead to sanctions under Vermont Rule of Civil Procedure 11. Defendant filed a notice of appeal to this Court. We concluded that we had jurisdiction only to review the order denying reconsideration because father did not appeal the custody order within thirty days and the

3

family division lacked authority to extend the time for a Rule 59 motion. We affirmed the family division's order denying defendant's motion for reconsideration. Id. at *3.

¶ 10. In March 2023, defendant moved to disqualify the trial judge on the ground that she had threatened him with sanctions and caused him to forfeit his right to appeal the September 2022 order. The Chief Superior Judge denied the motion because defendant did not comply with the rules or demonstrate bias by the trial judge. Defendant also moved to clarify daughter's vacation schedule. The court issued an order clarifying the vacation schedule. Defendant moved to reconsider, arguing that the court relied on unauthenticated evidence and unsworn statements. The court denied the motion. Defendant appealed the disqualification and reconsideration decisions to this Court, which affirmed. Knapp v. Dasler, No. 23-AP-131, 2023 WL 7490136, at *1 (Vt. Nov. 13, 2023) (unpub. mem.) [https://perma.cc/7Y2C-6B8M]. Also in March 2023, defendant filed an RFA complaint against plaintiff, alleging that plaintiff had stalked him by placing a tracking device in daughter's jacket. The family division denied the request. Defendant appealed to this Court, which affirmed. Dasler v. Knapp, No. 23-AP-130, 2023 WL 7490133, at *1 (Vt. Nov. 13, 2023) (unpub. mem.) [https://perma.cc/XL4L-EJHW].

¶ 11. Plaintiff moved for sanctions against defendant in March 2023, asserting that he was improperly attempting to relitigate matters previously decided and that his filings were intended to harass and burden her. The court denied the motion because plaintiff failed to give defendant time to withdraw the motions she viewed as sanctionable, as required by Vermont Rule of Civil Procedure 11(c)(1)(A). The court also concluded that defendant's filings since November 2022 were not worthy of sanction.

¶ 12. In April 2023, defendant moved for reconsideration of an order issued by the family division in July 2022, which denied defendant's emergency requests regarding daughter's 2022 summer vacation plans due to a lack of immediate harm or danger to the child and directed the parties to parent coordination. The court denied defendant's motion for reconsideration, and he

4

appealed. We affirmed that decision in February 2024. <u>Knapp v. Dasler</u>, No. 23-AP-246, 2024 WL 557053, at *2 (Vt. Feb. 9, 2024) (unpub. mem.) [https://perma.cc/HN7P-NK33].

¶ 13. In May 2023, defendant moved to correct the record and hold plaintiff in contempt for filing an incomplete copy of plaintiff's Exhibit 13 with the court at the May 2022 custody-modification hearing. The court denied the motion for contempt because defendant failed to pay the filing fee. In response to the motion to correct the record, plaintiff's counsel conceded that the exhibit filed with the court was incomplete but asserted that he had sent a complete copy to defendant prior to the hearing.

¶ 14. Defendant filed a renewed motion for contempt in September 2023. Defendant also moved to strike one of plaintiff's responsive filings for lack of a signature and moved for summary judgment in lieu of holding a hearing on his motion to correct the record. The court held a hearing in October 2023 at which it granted defendant's motion to correct the record and denied the motion for summary judgment and motion to strike as moot. Plaintiff subsequently filed a complete copy of Exhibit 13 with the court.

¶ 15. In October 2023, plaintiff moved for an order restricting abusive litigation pursuant to 15 V.S.A. §§ 1181-1185. Defendant opposed plaintiff's motion. He also moved to dismiss the motion and filed a motion to vacate the 2017 RFA order. The court denied the motion to vacate the RFA order without a hearing, concluding that there was no basis for granting relief under Vermont Rule of Civil Procedure 60. Defendant subsequently filed motions to continue the hearing on plaintiff's motion, to clarify pretrial rules for motion hearings, to admit or exclude certain evidence at the hearing, and to disqualify plaintiff's counsel. The court denied each of these motions. Defendant also moved to sanction plaintiff for requesting an order restricting him from engaging in abusive litigation.

¶ 16. The court held a hearing on plaintiff's motion for an order restricting abusive litigation and defendant's motion for contempt in November 2023. It subsequently issued a written

order resolving these and the other pending motions. It first denied defendant's motion for contempt, concluding that there was no evidence that plaintiff's counsel willfully filed an incomplete copy of Exhibit 13 and noting that counsel had provided defendant with a complete copy via Dropbox prior to the May 2022 hearing. Turning to plaintiff's motion, the court concluded that defendant had engaged in abusive litigation as defined in 15 V.S.A. § 1181(1). The court found that defendant had continually attempted to relitigate prior final court orders, specifically pointing to his attempt to litigate parenting issues in New Hampshire, his Rule 60 motion to reopen the divorce order, and his recent Rule 60 motion to vacate the RFA order. It found that defendant had also moved for reconsideration of nearly every order issued by the court and that virtually all of his motions had been denied for failure to present new facts or legal arguments. The court concluded that defendant's repetitive filings were made for the purpose of abusing, harassing, or intimidating plaintiff. It therefore granted plaintiff's motion and denied with prejudice defendant's motions to dismiss and to sanction plaintiff. It restricted defendant from filing motions or otherwise engaging in litigation against plaintiff unless the filing was either made by a licensed attorney on defendant's behalf or defendant obtained prefiling approval from the court. Defendant appealed.

## II. Analysis

### A. Standard of Review

¶ 17.    This is the first appeal to this Court from an order restricting abusive litigation issued under 15 V.S.A. §§ 1181-1185, which took effect on September 1, 2023. See 2023, No. 48, § 2. We therefore examine the language of the statute to determine the correct standard for reviewing such an order. New England Phoenix Co. v. Grand Isle Veterinary Hosp., Inc., 2022 VT 10, ¶ 15, 216 Vt. 227, 275 A.3d 134.

¶ 18.    The statute contains two provisions relevant to this inquiry. Section 1184(a) of Title 15 states that "[i]f the court finds by a preponderance of the evidence that a party is engaging

6

in abusive litigation and that any or all of the motions or actions pending before the court are abusive litigation, the litigation shall be dismissed, denied, stricken, or resolved by other disposition with prejudice." The use of the word "shall" indicates that the court's action is mandatory. See State v. Rafuse, 168 Vt. 631, 632, 726 A.2d 18, 19 (1998) ("Statutes generally use 'shall' as imperative or mandatory language. In its ordinary significance, it is a word of command, and it is inconsistent with a concept of discretion." (citation omitted)). Section 1184(a) requires the trial court to dismiss, deny, or otherwise resolve a pending motion or action if the court makes the requisite findings. The propriety of an order dismissing litigation therefore depends on whether the court's findings that a party is engaging in abusive litigation and that the pending motions or actions are abusive litigation are supported by the record. "We will not set aside factual findings unless they are clearly erroneous. Findings are clearly erroneous if there is no credible evidence in the record to support them." Alberino v. Balch, 2008 VT 130, ¶ 7, 185 Vt. 589, 969 A.2d 61 (mem.) (citation omitted).

¶ 19. The second relevant provision is § 1184(b), which states that "[a]fter providing the parties an opportunity to be heard on any order or sanctions to be issued, the court may enter an order restricting abusive litigation" with such conditions as it deems appropriate, which may include an award of attorney's fees and prefiling restrictions on the party found to have engaged in abusive litigation. In contrast to the preceding section, the Legislature's use of the word "may" in § 1184(b) indicates that the court has discretion to enter an order restricting abusive litigation. See New England Phoenix Co., 2022 VT 10, ¶ 18 ("We generally give the word 'may' its plain, ordinary meaning, which connotes discretion."). "A trial court's discretionary rulings are examined under an abuse of discretion standard of review, which requires a showing that the trial court has withheld its discretion entirely or that it was exercised for clearly untenable reasons or to a clearly untenable extent." Quenneville v. Buttolph, 2003 VT 82, ¶ 11, 175 Vt. 444, 833 A.2d 1263 (quotation omitted). With these standards in mind, we consider defendant's arguments.

7

## B. Defendant's Arguments

¶ 20. Defendant's primary argument on appeal is that the family division misapplied the abusive-litigation statute. Defendant argues that, in determining whether he was engaging in abusive litigation, the court should not have considered motions and actions filed by him that were litigated and resolved prior to the enactment of the statute. He also contends that the court failed to identify which pending motions were abusive in its order. He further challenges certain factual findings made by the court and argues that the hearing time was inadequate. Finally, he argues that the court erred in denying his motion for relief from the 2017 RFA order and in denying his motion for reconsideration of the order restricting abusive litigation. As discussed below, we conclude that none of these arguments have merit.

### i. Retrospective Application

¶ 21. Defendant first contends that because the divorce proceeding began before the abusive-litigation statute was enacted, the statute cannot be applied to him in this proceeding. It is true that "Vermont statutory law and case law normally prohibit retrospective application of new and amended statutes." Soares v. Barnet Fire Dist. #2, 2022 VT 34, ¶ 35, 217 Vt. 49, 282 A.3d 1184 (quotation omitted). "Retrospective laws are defined as those which take away or impair vested rights acquired under existing laws, or create a new obligation, impose a new duty, or attach a new disability in respect to transactions or considerations already past." Agency of Nat. Res. v. Godnick, 162 Vt. 588, 595, 652 A.2d 988, 992 (1994) (quotation omitted). However, a law is not retrospective when "it merely relates to prior facts or transactions but does not change their legal effect, or because some of the requisites for its action are drawn from a time antecedent to its passage." Carpenter v. Vt. Dep't of Motor Vehicles, 143 Vt. 329, 333, 465 A.2d 1379, 1382 (1983) (quotation omitted).

¶ 22. The abusive-litigation statute was not applied retrospectively here because it did not affect defendant's motions or filings, or the court's orders responding to those filings, that were

8

entered prior to the effective date of the statute. Those filings and rulings remain unchanged, and the order did not penalize defendant for his earlier filings. The order affected only motions that defendant filed after the statute was enacted—his October 2023 motion to dismiss and his November 2023 motion for sanctions—and filings by defendant thereafter. As we explained in Carpenter, the court's consideration of defendant's earlier filings and actions in determining whether he was presently engaging in abusive litigation did not mean that it was retrospectively applying the statute. See id.; see also Godnick, 162 Vt. at 595, 652 A.2d at 993 (holding agency did not improperly apply administrative regulation retrospectively by considering past conduct in determining extent of violation that took place after regulation took effect).[1]

¶ 23. Defendant argues that 1 V.S.A. § 213 barred the application of the abusive-litigation statute in his case, or at least prohibited the court from considering his prior filings in determining plaintiff's motion. Section 213 states: "No act of the General Assembly shall affect a suit begun or pending at the time of its passage, except acts regulating practice in court, relating to the competency of witnesses, or relating to amendments of process or pleadings." Section 213 is inapplicable by its own terms because the abusive-litigation statute regulates practice in court. The statute allows the court to summarily dispose of abusive filings and to impose reasonable prefiling restrictions upon the abusive litigant. In essence, it creates a new procedure for imposing sanctions that were already available to the court in appropriate cases under Vermont Rule of Procedure 11. See V.R.C.P. 11(c)(2) (permitting court to impose sanctions for harassing or frivolous filings, including "directives of a nonmonetary nature, an order to pay a penalty into court," or attorney's fees); Fox v. Fox, 2022 VT 27, ¶ 41, 216 Vt. 460, 280 A.3d 354 (affirming trial court's imposition, pursuant to V.R.C.P. 11, of prefiling restriction on father who engaged in

---

[1] Defendant also argues that the court's application of the abusive-litigation statute violated the prohibition against ex post facto laws. This argument fails because the Ex Post Facto Clause only applies to criminal statutes. See A.B. v. S.U., 2023 VT 32, ¶ 27, __ Vt. __, 298 A.3d 573.

vexatious litigation against mother in custody case). It did not create a new substantive right or liability. Cf. Mattison v. Poulen, 134 Vt. 158, 161, 353 A.2d 327, 329 (1976) (holding that 1 V.S.A. § 213 did not bar application of newly enacted patients' privilege statute to pending case because statute related to competency of witnesses); Murray v. Mattison, 63 Vt. 479, 480, 21 A. 532, 532 (1891) ("[W]hen a new enactment deals with practice and procedure only, it applies to all actions, unless otherwise expressed, whether commenced before or after its passage. That such statutes are not unconstitutional, as taking away vested rights, is too well settled to require discussion." (citation omitted)).

¶ 24. Moreover, "[a]s a rule of construction, § 213 does not apply if it contradicts 'the manifest intent of the general assembly.' " Mass. Mun. Wholesale Elec. Co. v. State, 161 Vt. 346, 359, 639 A.2d 995, 1004 (1994) (quoting 1 V.S.A. § 101). The abusive-litigation statute specifically directs the court to examine the party's prior actions in court in determining whether the party is engaging in abusive litigation. Section 1183 of Title 15 provides that evidence of litigation of the same issues between the parties over the past five years, or evidence that the allegedly abusive party has been sanctioned by a court for frivolous or otherwise inappropriate filings within the past ten years, "shall create a rebuttable presumption that litigation is being initiated, advanced, or continued primarily for the purpose of harassing, intimidating, or maintaining contact with the other party." As this language makes clear, the Legislature expressly empowered courts to examine prior filings made by the party alleged to have engaged in abusive litigation. Section 213 therefore did not bar the trial court from looking at defendant's past litigation conduct.

¶ 25. Defendant alternatively argues that plaintiff was precluded from claiming that his past filings were abusive because plaintiff had previously sought and been denied sanctions against him for many of those filings. This argument fails because defendant has not demonstrated that a court ever issued a final judgment on plaintiff's requests for sanctions against him. Res judicata,

10

also known as claim preclusion, "bars litigation of a claim or defense if there exists a final judgment in former litigation in which the parties, subject matter, and causes of action are identical or substantially identical." Kellner v. Kellner, 2004 VT 1, ¶ 8, 176 Vt. 571, 844 A.2d 743 (mem.) (quotation omitted). While it is true that plaintiff sought sanctions against defendant for some of his previous filings, the court's May 2023 order denying her request was interlocutory and was not part of a final judgment.[2] Moreover, "[c]laim preclusion bars litigation of claims or causes of action which were or might properly have been litigated in a previous action." State v. Dann, 167 Vt. 119, 125, 702 A.2d 105, 109 (1997) (quotation omitted). Plaintiff could not have requested an order restricting abusive litigation in her March 2023 motion for sanctions because the statute did not go into effect until September 2023. Claim preclusion therefore does not apply here.[3]

¶ 26. Defendant contends that retrospective application of the abusive-litigation statute deprived him of due process because he was not afforded fair notice that his prior filings could be considered abusive. As discussed above, the statute was not applied retrospectively because it did not impose a penalty on him for acts committed prior to its enactment. Moreover, Vermont Rule of Civil Procedure 11, which applies to divorce proceedings, see V.R.F.P. 4.0(a)(2)(A), has been in effect at all times during this litigation and contains similar restrictions on litigation conduct. Civil Rule 11(b) provides that by presenting a filing to the court, a party is certifying that it is not "presented for any improper purpose, such as to harass or to cause unnecessary delay or needless

---

[2] While defendant argues that plaintiff sought sanctions on other occasions, he identifies no other court orders addressing her requests in this docket, and certainly no final order on the issue of sanctions.

[3] The related doctrine of issue preclusion likewise does not apply here because there was no final judgment on the merits and the statute authorizing the court to issue an order restricting abusive litigation went into effect after plaintiff's prior motion for sanctions was decided. See State v. Pollander, 167 Vt. 301, 304 n.2, 706 A.2d 1359, 1360 n.2 (1997) (explaining that issue preclusion, also known as collateral estoppel, "estops a party from relitigating those issues necessarily and essentially determined in prior litigation" in a final judgment on the merits (quotation omitted)).

increase in the cost of litigation," and that the legal and factual contentions contained within are supported by existing law and evidence. The rule further provides that the court may issue sanctions if Rule 11(b) has been violated, which as discussed above, may include prefiling restrictions. V.R.C.P. 11(c). Defendant therefore was on constructive notice that harassing or frivolous filings could lead to sanctions of this type. See Zorn v. Smith, 2011 VT 10, ¶ 22, 189 Vt. 219, 19 A.3d 112 (stating that "although pro se litigants receive some leeway from the courts, they are still bound by the ordinary rules of civil procedure," including Rule 11 (quotation omitted)). Defendant also received actual notice that his conduct could lead to sanctions in November 2022, when the family division warned him that he could be sanctioned for his repetitive and meritless filings. See Knapp, 2023 WL 6786081, at *3. We are therefore unpersuaded that defendant lacked fair notice that his litigation behavior could lead to sanctions.

### ii. Failure to Identify Abusive Motions

¶ 27. Defendant's second main argument is that the court failed to identify which of his pending motions were abusive in its order. The statute provides that "[i]f the court finds by a preponderance of the evidence that a party is engaging in abusive litigation and that any or all of the motions or actions pending before the court are abusive litigation, the litigation shall be dismissed, denied, stricken, or resolved by other disposition with prejudice." 15 V.S.A. § 1184(a). The statute thus requires the court to find both that a party is engaging in abusive litigation and that one or more pending motions or actions is abusive litigation.

¶ 28. Abusive litigation, as defined by the statute, has four elements: (1) the parties were formerly in a family or household relationship or one of the parties was found by a court to have stalked or sexually assaulted the other; (2) the allegedly abusive litigant has been found in a final court order to have abused, stalked, or sexually assaulted the other party; (3) the primary purpose of the litigation is to abuse, harass, intimidate, threaten, or maintain contact with the other party, and (4) the claims or allegations lack legal or evidentiary support or have previously been decided

12

against the proponent by another court. Id. § 1181(1)(A)-(D). The first two prongs are undisputedly met here because the parties were previously married and defendant was found to have abused plaintiff in the 2017 RFA order. The court found that the second two prongs were met because: defendant had attempted to relitigate the final divorce order in a New Hampshire court; he had tried to reopen that order and the 2017 RFA order through Rule 60 motions; he made "horrible" unsubstantiated allegations against plaintiff in his filings; he filed motions to reconsider nearly every order issued by the court, virtually all of which had been denied for failure to present new facts or cognizable legal arguments; his numerous appeals to this Court were unsuccessful; and he had initiated litigation in six different courts over issues that were the same or similar to those raised in this proceeding. These findings are supported by the record and are not clearly erroneous.

¶ 29. Defendant argues, however, that the court's order must be reversed because it failed to specifically identify which of his pending motions were abusive. We disagree. The court explained in its order that at the time plaintiff filed her motion for an order restricting abusive litigation, defendant had three motions pending: his September 2023 motion to hold plaintiff in contempt for not filing a complete copy of Exhibit 13 with the court; his motion to strike one of plaintiff's responsive filings due to the lack of a signature; and his motion for summary judgment on his request to correct the record. The latter two motions were denied as moot at the October 2023 hearing on defendant's motion to correct the record. Subsequently, in addition to opposing plaintiff's motion, defendant filed a motion to dismiss that motion and a motion to sanction plaintiff for filing the motion, which were largely repetitive of his opposition. Defendant also filed a motion to clarify and a motion in limine, which essentially sought legal advice despite the court's previous admonitions that it could not give him such advice. Defendant also moved for relief from the 2017 RFA order in both the domestic proceeding and the RFA case. The court denied most of these motions on their merits before issuing the order restricting abusive litigation. In the order,

13

the court dismissed defendant's motion to dismiss and motion for sanctions with prejudice and without addressing the merits, as contemplated by § 1184(a), indicating that it found these specific remaining motions to be abusive.[4] Viewed in context with its other findings, the court's findings are sufficient to satisfy the statute.

### iii. Defendant's Other Claims

¶ 30. Defendant raises several other claims in his briefs, none of which provide a basis to overturn the family division's order. First, he asserts the court erred in finding that plaintiff's counsel shared a complete copy of Exhibit 13 with him through Dropbox prior to the May 2022 hearing, because the finding was based on plaintiff's counsel's unsworn statement at the November 2023 hearing. Defendant did not object at the hearing when counsel made this statement, and when asked by the court directly, defendant did not actually deny receiving the exhibit from counsel; instead, he stated that he did not look at it. But even if the finding is erroneous, defendant has failed to demonstrate that it was prejudicial. See Rogers v. Parrish, 2007 VT 35, ¶ 21, 181 Vt. 485, 923 A.2d 607 ("Erroneous or unsupported findings do not require reversal . . . unless they are shown to have been prejudicial."). The court did not rely on the exhibit in its custody decision and defendant did not explain how the discrepancy affected that decision or any other.

¶ 31. Defendant also asserts the court erred in stating that the conduct underlying his plea of guilty for disturbing the peace was the same conduct that formed the basis for the 2017 RFA

---

[4] To the extent defendant claims that the court could only consider motions that were pending at the time plaintiff filed her request for an order restricting abusive litigation or at the time of the hearing on that request, we disagree. The abusive-litigation statute is clearly intended to protect parties from harassment in the form of frivolous litigation by former partners or abusers. Limiting the court's consideration to motions pending at the time of a request for, or hearing on, an order against abusive litigation would undermine the legislative purpose because it would allow an abusive litigant to escape sanction by simply withdrawing those motions before the court had a chance to rule on whether they were abusive. We therefore conclude that it was appropriate for the court to consider the motions that defendant filed after plaintiff filed her request. The court's efficiency in resolving defendant's motions on other grounds does not mean that they were not abusive.

order.  However, defendant expressly conceded at the November 2023 hearing that the incident that led to the RFA was the same incident that led to his criminal charges.  The finding therefore is not clearly erroneous.

¶ 32.    Next, defendant claims that the court did not afford him a sufficient opportunity to be heard on plaintiff's motion.  The court has discretion to exercise reasonable control over the presentation of evidence to avoid needless consumption of time.  See V.R.E. 611; see also Varnum v. Varnum, 155 Vt. 376, 390, 586 A.2d 1107, 1115 (1990) ("[T]he power granted by Rule 611(a) includes the authority to set reasonable limits on the consumption of time in examining witnesses." (quotation omitted)).  The court informed the parties at the beginning of the November 2023 hearing that they would each have one hour to present argument.  Defendant did not object to this procedure, and therefore did not preserve his right to challenge it on appeal.  See Bull v. Pinkham Eng'g Assocs., Inc., 170 Vt. 450, 459, 752 A.2d 26, 33 (2000) ("Contentions not raised or fairly presented to the trial court are not preserved for appeal.").  Moreover, defendant does not identify any other evidence or arguments that he would have presented if granted more time.  We therefore decline to disturb the order below on this basis.

¶ 33.    Defendant also contends that the family division erred in denying his application for permission to file motions to clarify and reconsider the order restricting abusive litigation and by stating in its order denying permission that defendant had filed into the case without authorization.  The order denying permission is beyond the scope of this appeal because it was entered after defendant filed his notice of appeal from the order restricting abusive litigation.  See Fox, 2022 VT 27, ¶ 31 n.3 (explaining that post-appeal rulings by trial court were not part of record on appeal); V.R.A.P. 10(a) (defining record on appeal).  For the same reason, we do not address defendant's claim that the court has inconsistently or improperly enforced the order restricting

15

abusive litigation in its more recent rulings by, for example, ordering him not to serve plaintiff with applications for permission to file documents.[5]

¶ 34. We likewise decline to address defendant's argument that the court should have granted his motion to vacate the 2017 RFA order. Defendant did not file a notice of appeal from the family division's November 13, 2023 order denying his Rule 60 motion, which was a final appealable order. See In re Burchard Rd. Petition to Abandon Land Use Permit Denial, 2024 VT 51, ¶ 7, __ Vt. __, __ A.3d __ (explaining that "[a]n order denying a Rule 60(b) motion is a final appealable order"). His notice of appeal from the order restricting abusive litigation was filed on December 17, 2023, more than thirty days after the Rule 60 order, so it is untimely as to that order. We therefore lack jurisdiction to review the order denying Rule 60 relief. See Casella Const., Inc. v. Dep't of Taxes, 2005 VT 18, ¶ 3, 178 Vt. 61, 869 A.2d 157 ("The timely filing of a notice of appeal is a jurisdictional requirement."); V.R.A.P. 4(a) (stating that notice of appeal must be filed within thirty days of entry of order or judgment appealed from).

¶ 35. Defendant argues that as a self-represented litigant, he should be allowed more leeway in his filings to avoid unfairly impeding him from accessing justice. Access to the courts is a fundamental right under the Vermont Constitution. See Vt. Const. ch. I, art. 4 (stating that "[e]very person within this state ought to find a certain remedy [for injury], by having recourse to the laws" and that "every person ought to obtain right and justice, freely, and without being obliged to purchase it"); Jacobsen v. Garzo, 149 Vt. 205, 208, 542 A.2d 265, 267 (1988). This is not an unlimited right, however: "No litigant enjoys a constitutional right to delay justice to others and occupy the court's time with unfounded filings." Zorn, 2011 VT 10, ¶ 17. In 15 V.S.A. §§ 1181-1185, the Legislature has empowered the trial court to impose prefiling requirements upon a

---

[5] This Court has its own rules regarding service of documents. See V.R.A.P. 25(b) (requiring party to serve copy of every document on other parties to appeal, with certain exceptions not relevant to this case). Our April 29, 2024 order directing defendant to comply with this rule was applicable to appellate filings only.

litigant who is found to be engaging in abusive litigation. The statute applies equally to parties who are represented and those who represent themselves. It deliberately creates a hurdle that is intended to make an abusive litigant stop and think before making unmeritorious or repetitive legal or factual contentions. The order issued by the court in this case, which requires defendant to apply for permission before making a filing and to explain whether there are reasonable and legitimate grounds for the filing, is supported by the court's findings, tracks the statutory language, and does not prevent defendant from filing meritorious motions. It therefore does not impermissibly infringe on defendant's right to access the courts or constitute an abuse of discretion. See Zorn, 2010 VT 10, ¶ 23 (affirming prefiling restriction imposed on pro se litigant who repeatedly made unsubstantiated filings).

Affirmed.

FOR THE COURT:

_____

Associate Justice