VERMONT SUPREME COURT
109 State Street
Montpelier VT 05609-0801
802-828-4774
www.vermontjudiciary.org



Case No.      24-AP-375

*Note: In the case title, an asterisk (\*) indicates an appellant and a double asterisk (\*\*) indicates a cross-appellant.  Decisions of a three-justice panel are not to be considered as precedent before any tribunal.*

## ENTRY ORDER

AUGUST TERM,   2025

Stephanie Brace v. Anthony Rochon\*

}        APPEALED FROM:
}        Superior Court, Rutland Unit,
}        Family Division
}        CASE NO. 24-FA-03426
         Trial Judge: Katherine A. Hayes (Ret.)

In the above-entitled cause, the Clerk will enter:

Defendant Anthony Rochon, self-represented, appeals a family division order granting plaintiff Stephanie Brace's request for a final relief-from-abuse (RFA) order.  We affirm.

In November 2024, plaintiff filed a complaint seeking an RFA order against defendant— her former partner and the father of her son—under 15 V.S.A. § 1103(a).  The court issued a temporary RFA order and set the matter for a final hearing the following month.

At the December 6 hearing, both parties represented themselves.  Plaintiff and defendant each testified.

After the close of evidence, the court announced its factual findings and conclusions on the record.  Among other things, it found that defendant: repeatedly accused plaintiff of being unfaithful to him; monitored plaintiff's conduct using cameras; required plaintiff to show him her timecards to verify that she had been at work; and felt that he should make parenting decisions regarding plaintiff's daughter, who was not his child.  The court concluded that this demonstrated that defendant had engaged in a pattern of coercive, controlling behavior meeting the statutory definition of abuse and that a final order was necessary to protect plaintiff from further abuse.  It therefore issued a final RFA order.[1]

---

[1]  We note that the order was effective only until March 2025.  Because no party has raised mootness, we do not consider the impact of the order's expiration on the issues in this appeal.  See Scheffler v. Harrington, 2020 VT 93, ¶ 9, 213 Vt. 364 (recognizing that expiration of final RFA order does not automatically moot appeal due to possibility of ongoing collateral consequences).

Defendant moved to modify the order, and plaintiff moved to vacate it. Before the trial court ruled on these motions, defendant filed notice of this appeal.[2]

Defendant's principal argument on appeal is that the final order should be reversed because the trial judge treated him unfairly throughout the proceedings. He also argues that the court erred in crediting plaintiff's testimony and in issuing an RFA order under the circumstances of this case.

We review the family court's decision to grant a final RFA order "only for an abuse of discretion, upholding its findings if supported by the evidence and its conclusions if supported by the findings." Raynes v. Rogers, 2008 VT 52, ¶ 9, 183 Vt. 513; see Poss v. Alarie, 2023 VT 55, ¶ 8, 218 Vt. 479 ("Our review of the issuance of RFA orders is deferential.").

We first consider defendant's assertion that the trial court treated him unfairly. Because defendant did not seek disqualification of the judge below, it is not clear that this contention has been preserved for our review on appeal. DeLeonardis v. Page, 2010 VT 52, ¶ 31, 188 Vt. 94 (explaining that "[o]ur procedure provides for review of disqualification motions by the administrative judge, with review here only of the ruling of the administrative judge" and where defendant does not seek disqualification below "there is no ruling to review"). In any event, defendant's argument is inadequately briefed. "Judges are accorded a presumption of honesty and integrity," and defendant bears the burden "to show otherwise in the circumstances of the case." Ainsworth v. Chandler, 2014 VT 107, ¶ 15, 197 Vt. 541 (quotation omitted). "[B]ias or prejudice must be clearly established by the record," and "contrary rulings alone . . . do not suffice to show prejudice or bias." Ball v. Melsur Corp., 161 Vt. 35, 45 (1993), abrogated on independent grounds by Demag v. Better Power Equip., Inc., 2014 VT 78, ¶ 11, 197 Vt. 176. Defendant makes generalized assertions regarding the court's conduct, but offers no supporting record citations.[3] See V.R.A.P. 28(a)(4) (requiring that appellant's brief include "the issues presented, how they were preserved, and [the] appellant's contentions and reasons for them— with citations to the . . . parts of the record on which the appellant relies"); Pcolar v. Casella Waste Syst. Inc., 2012 VT 58, ¶ 19, 192 Vt. 343 (declining to address argument raised by self-represented party that did not satisfy minimum briefing standards of Rule 28(a)(4)). We therefore decline to address this argument because, even assuming it was preserved, it is inadequately briefed. See In re S.B.L., 150 Vt. 294, 297 (1988) (explaining that it is appellant's burden "to demonstrate how the lower court erred warranting reversal," and that it is not this Court's role to "comb the record searching for error").

Defendant also argues that the trial court erred in determining that he abused plaintiff. He has not shown, however, that the court's underlying findings are without evidentiary support. Raynes, 2008 VT 52, ¶ 9. Instead, he argues that, for various reasons, the court should have

---

[2] Insofar as defendant seeks to challenge the court's subsequent ruling on these motions here, such arguments are beyond the scope of our review because the order was entered after defendant filed his notice of appeal. See, e.g., Knapp v. Dasler, 2024 VT 65, ¶ 33 ("The order denying permission is beyond the scope of this appeal because it was entered after defendant filed his notice of appeal from the order restricting abusive litigation.").

[3] We note that, in granting defendant's motion to use an audio recording of the final RFA hearing in place of a written transcript, see V.R.A.P. 10(b)(8), this Court reminded defendant "that when citing to the record in his brief, he must cite to the time stamp in the recording" as required under Vermont Rule of Appellate Procedure 28(e)(3). Defendant's subsequently filed brief did not include such citations.

credited his testimony over plaintiff's. Determinations regarding the weight of the evidence and the credibility of witnesses, however, are entrusted to the trial court. See id. (explaining that findings will stand where supported by evidence because "[i]n matters of personal relations, such as abuse prevention, the family court is in a unique position to assess the credibility of witnesses and weigh the strength of evidence at hearing"). We will not revisit those determinations on appeal.

Finally, defendant argues that the order should be reversed because, in his view, plaintiff's subsequent motion to vacate demonstrates that she initiated this action in order to retaliate against him. This contention is not supported by the law. The trial court must issue a final RFA order if plaintiff proves abuse by a preponderance of the evidence and the court finds that there is a danger of further abuse. 15 V.S.A. § 1103(b), (c)(1), (e). "Abuse" is defined to include "coercive controlling behavior between family or household members." Id. § 1101(1)(B). " 'Coercive controlling behavior' means a pattern of behavior that in person or effect unreasonably interferes with a person's free will and personal liberty," including unreasonably "controlling, regulating or monitoring the family or household member's movements, communications, daily behavior, finances, economic resources, or access to services." Id. § 1101(2). The court determined that defendant had engaged in coercive controlling behavior and that there was a risk of further abuse. As a result, § 1103 required that it issue a final RFA order.

We have addressed all arguments discernable in defendant's brief and see no basis to disturb the final order.

Affirmed.

BY THE COURT:

_____
Paul L. Reiber, Chief Justice


_____
Harold E. Eaton, Jr., Associate Justice


_____
Nancy J. Waples, Associate Justice

3